UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN AMRON,

                    Plaintiff,

          -against-                                          23-CV-10261 (LTS)

3M MINNESOTA MINING & MANUFACTURING                          TRANSFER ORDER
COMPANY; ARTHUR FRY,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's diversity

jurisdiction, under 28 U.S.C. § 1332, and asserting state law claims of breach of contract, fraud,

concealment, and defamation.[1] Named as defendants are the 3M Minnesota Mining and

Manufacturing Company ("3M"), located in the State of Minnesota; and Arthur Fry, whom

Plaintiff does not plead the residence of.[2] For the following reasons, the Court transfers this

action, under 28 U.S.C. § 1404, to the United States District Court for the Eastern District of

New York.

## DISCUSSION

        Under 28 U.S.C. § 1391(b), a civil action may be brought in

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim occurred, or a
        substantial part of property that is the subject of the action is situated; or (3) if
        there is no district in which an action may otherwise be brought as provided in

_____

        [1] Plaintiff paid the filing fees to bring this action.

        [2] Plaintiff references two patent infringement cases that he previously filed against 3M in
the United States District Court for the Southern District of Florida and in the United States
District Court for the Eastern District of New York. *See Amron v. 3M Minn. Mining & Mfg. Co.*,
No. 16-CV-80125 (S.D. Fl. Sept. 8, 2016); *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 97-CV-
7281 (E.D.N.Y. Jan. 16, 1998).

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who resides in Quogue, Suffolk County, New York, brings this action against 3M, which he alleges is headquartered in the State of Minnesota, and Arthur Fry, whom he does not plead the residence of, but asserts that he is not a resident of the State of New York. Although Plaintiff does not specify where the events giving rise to the claims occurred, he indicates that at all times, he was a resident of Suffolk County, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).[3] Thus, while Plaintiff has alleged no facts showing that this court is a proper venue for this action, because Plaintiff resides in Suffolk County, where the alleged events giving rise to his claims may have occurred, the Eastern District of New York appears to be a proper venue for this action. *See* § 1391(e)(1)(B), (C).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York; (2) Bronx; (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings; (2) Queens; (3) Richmond; (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Because Plaintiff does not reside in this judicial district and he does not alleged that the events giving rise to his claims occurred here, the Eastern District of New York, where he resides, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 29, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge