**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------X

ALAN AMRON,

*Plaintiff*,

-against-

3M MINNESOTA MINING & MANUFACTURING COMPANY and ARTHUR FRY,

*Defendants*.

-------------------------------------------X

**MEMORANDUM ORDER**
23-CV-08959 (PKC)(JMW)

**A P P E A R A N C E S:**

Alan Amron
103 Jessup Avenue, P.O. Box 354
Quogue, NY 11959
*Proceeding Pro Se*

Diego J. Rosado, Esq.
Kevin DeMaio, Esq.
**Faegre Dinker Biddle & Reath LLP**
600 Campus Drive
Florham Park, NJ 07932
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Alan Amron ("Plaintiff") is the claimed inventor of the Post-it® Note. He commenced this action on November 20, 2023 against Defendants 3M Minnesota Mining & Manufacturing Company ("3M") and Arthur Fry (collectively "Defendants") alleging: (i) breach of contract, (ii) fraudulent misrepresentation or concealment, and (iii) defamation, all arising from Plaintiff's claim to have invented 3M's Post-it® Note. (ECF No. 1 at ¶ 4.) Before the Court is Defendant's motion to stay discovery pending the outcome of its anticipated motion to dismiss Plaintiff's Complaint (ECF No. 20), which is opposed by

Plaintiff. (ECF No. 21.) For the reasons stated herein, Defendants' motion to stay (ECF No. 20) is **GRANTED**.

## BACKGROUND

In his Complaint, Plaintiff asserts while Defendants have continuously marketed and "expressly represented to consumers" that they invented the Post-it® Note in 1974, it was actually Plaintiff who first invented "such sticky notes[,]" specifically – a "repositionable[,] reusable memo sticky note[] paper combination product" in 1973. (*Id.* at ¶ 13-14.) Plaintiff claims he disclosed his "Press-on memo sticky notes invention" to Defendants' marketing department in 1974. (*Id.* at 26.) This is the third action Plaintiff has commenced against 3M claiming to have invented the Post-it® Note. (ECF No. 17 at 1.) The first was filed in this Court in 1997, asserting various claims against 3M based on his alleged creation of a sticky note called the "Press-On Memo" (the "1997 Suit"). (ECF No. 1 at ¶ 22.) In the 1997 Suit, Plaintiff alleged Defendants "infring[ed] upon his trade secret rights" in relation to his "Press-on memo sticky notes invention[,]" after Defendants introduced a product in 1977 that "relabeled" Plaintiff's "original intended use" of the "Post-it sticky note." (*Id.* at ¶ 22-24.)

The 1997 Suit was subsequently resolved via a January 1998 Settlement Agreement (the "Settlement Agreement"), whereby Plaintiff released all claims against 3M and its employees, arising out of the subject matter of the 1997 Suit. (ECF No. 1 at 29.) Plaintiff filed a second lawsuit alleging the same claims in the Southern District of Florida in 2016, and the Court granted 3M's motion to dismiss Plaintiff's claims with prejudice because they were precluded by the release in the Settlement Agreement and barred by the doctrine of *res judicata* (the "2016 Suit"). *Id.* at ¶ 31; *Amron v. 3m Minnesota Mining & Manufactering Company et al*, S.D. Fla. Case No. 9:16-cv-80125, ECF No. 79 at 2, 5-10.

In the instant action, Plaintiff claims Defendants breached a provision of the Settlement Agreement that allegedly required Defendants to allow Plaintiff or a company "to produce Plaintiff's Press-on memo sticky notes for him[,]" by threatening to sue plaintiff when he previously attempted to license or sell his invention. (*Id.* at ¶¶ 43, 45.) Plaintiff additionally claims Defendants breached the confidentiality and release clauses of the Settlement Agreement by making "false and defamatory statements" that Defendants "developed Post-It Notes without any input or inspiration from" Plaintiff. (*Id.* at ¶¶ 51-52, 56-57.) Finally, Plaintiff claims Defendants made "false and material representations or omissions to Plaintiff and the United States Patent and Trademark Office ("USPTO") regarding the novelty and non-obviousness of the Post-it® Note, and the patentability of their parent application." (*Id* at ¶ 79.).

On December 23, 2023, the undersigned scheduled an Initial Conference for January 25, 2024, and directed the parties to file a proposed discovery schedule by January 18, 2024. (ECF No. 15.) On January 2, 2024, Defendants filed a motion for pre-motion conference addressed to District Judge Pamela K. Chen, seeking leave to file a motion to dismiss Plaintiff's Complaint. (ECF No. 17.) In their pre-motion conference letter, Defendants assert Plaintiff's Complaint should be dismissed in its entirety because: (i) Plaintiff's claims are barred by the Settlement Agreement between 3M and Plaintiff; (ii) Plaintiff's claims are barred by the doctrine of *res judicata*; (iii) Plaintiff fails to assert a valid legal claim; and (iv) this Court lacks personal jurisdiction over Defendant Arthur Fry. (ECF No. 17 at 1.)

In response, Plaintiff argues that the Settlement Agreement is unenforceable because it is "overly broad, one-sided and unconscionable," it does "not specifically release claims of fraud or breach of contract[,]" and "was never reviewed for [Plaintiff] by a lawyer." (ECF

No. 19 at 3.) Plaintiff further contends that his previous cases against 3M "were either settled or dismissed on procedural grounds, not on the merits, so *res judicata* does not apply[,]" and, nevertheless, "the previous cases involved different claims and causes of action, such as trade secret infringement, not breach of contract, defamation, or fraudulent concealment." (*Id.*) Plaintiff additionally argues this Court has personal jurisdiction over Mr. Fry on several grounds. (*Id.*) On January 18, 2024, Defendants filed the instant motion to stay discovery before the undersigned pending the outcome of Defendants' anticipated motion to dismiss (ECF No. 20), which Plaintiff opposed. (ECF No. 21.)

**DISCUSSION**

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration

the nature and complexity of the action, whether some or all of the Defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Defendants contend that all three factors favor a stay here, as: (i) there is no risk of prejudice to Plaintiff because Plaintiff's claims are not "inherently time sensitive" and "based upon allegations as to what allegedly occurred decades ago[;]" (ii) Defendant has several meritorious defenses to Plaintiff's claims, including that the claims are barred by the Settlement Agreement and doctrine of *res judicata*; and (iii) Defendants anticipate that extensive discovery will be required in this case, and argue that the scope of discovery would impose a significant burden on Defendants as they "expect they would have numerous objections to any such far-reaching discovery," and anticipate engaging in potential motion practice, all of which could be entirely avoided if Defendants' motion to dismiss is granted. (ECF No. 20 at 1-2.) Plaintiff objects to Defendants' request for a stay of discovery solely on the grounds that this Court has not yet granted Defendants' motion for leave to file a motion to dismiss, and, therefore, Plaintiff contends the parties must proceed with creating a discovery schedule and the Initial Conference scheduled for January 25, 2024. (ECF No. 21 at 1.)

*First*, the Court finds "good cause" in light of the arguments Defendants raised on its anticipated Rule 12(b)(6) and 12(b)(2) motion.[1] The arguments Defendants set forth appear, at least on their face, to make a strong showing that Plaintiff's claims are barred by Settlement Agreement release provision and by the doctrine of *res judicata*, on the grounds that Plaintiff filed two prior lawsuits against Defendants arising from the same claims – the 1997 Suit and the 2016 Suit. (ECF No. 17 at 2.) While Plaintiff contends the Settlement Agreement is unenforceable due to the unequal bargaining power between the parties (ECF No. 21 at 1), the Court in the 2016 Suit already determined the Agreement was enforceable. (ECF No. 17 at 2.)

*Second*, the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided.

*Third*, the Court does not find – and Plaintiff does not otherwise argue – that a stay would result in any material prejudice to Plaintiff. *Finally*, the Court notes this case is still in its early stages – a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken. Accordingly, weighing all the relevant factors, the Court finds that a stay of discovery pending the outcome of Defendants' anticipated Rule 12(b)(6) and 12(b)(2) motion is warranted.

**CONCLUSION**

Based on the foregoing reasons, good cause exists warranting the issuance of a stay of discovery pending the outcome of Defendants' anticipated Rule 12(b)(6) and 12(b)(2)

[1] The Court's consideration and analysis of the arguments set forth in Defendants' pre-motion conference letter requesting leave to file a motion to dismiss Plaintiff's Complaint under FRCP Rule 12(b)(6) and 12(b)(2) is purely for purposes of weighing whether a stay should be granted. This analysis should not be construed as the Court prejudging the merits or predicting the outcome of the anticipated motion to dismiss in any way.

motion. Accordingly, Defendants' motion to stay discovery pending the outcome of Defendants' anticipated motion to dismiss (ECF No. 20) is **GRANTED**.

Dated: Central Islip, New York
January 24, 2024

**S O O R D E R E D:**

/s/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge